IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jodi Lockwood, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 5351 |
| Phillips & Cohen Associates, Ltd., a New Jersey corporation, and PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group, a Delaware limited liability company, | ) ) ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jodi Lockwood, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) both Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Jodi Lockwood ("Lockwood"), is a resident of the State of Oregon, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Chevron/Texaco account, despite the fact that she was

represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff. Defendant P&C operates a nationwide debt collection business and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant, PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group ("Portfolio"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Portfolio operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant Portfolio is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant Phillips & Cohen, Ltd. Moreover, Defendant P&C and Defendant Portfolio are related companies, which share offices and employees.

7. Defendants P&C and Portfolio are each authorized to conduct business in the State of Illinois, and maintain registered agents within the State of Illinois. See,

reports from LexisNexis, attached as Group Exhibit A. In fact, both Defendants conduct extensive and substantial business in Illinois.

8. Defendant P&C is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, both Defendants act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. Ms. Lockwood fell behind on paying her bills, including one she allegedly owed for a Chevron/Texaco account. At some point in time after that debt became delinquent, Defendant Portfolio allegedly bought/obtained Ms. Lockwood's debt and then had its related company, P&C, begin trying to collect it from Ms. Lockwood, by sending her a collection letter, dated June 21, 2013. A copy of this letter is attached as Exhibit C. This caused Ms. Lockwood to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendants' collection actions.

10. Accordingly, on July 2, 2013, one of Ms. Lockwood's attorneys at LACD informed Defendants, in writing, that she was represented by counsel, and directed Defendants to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Lockwood was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, despite being advised that Ms. Lockwood was represented by counsel, Defendants called her on or about July 23, 2013, from phone number 866-504-9714, and left a message demanding that she call them back about payment of the

3

debt at issue.

12. Accordingly, on July 24, 2013, Ms. Lockwood's LACD attorney had to fax Defendants a letter, again directing them to cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

13. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Lockwood's attorney/agent, LACD, told Defendants to cease communications with her (Exhibit D). By continuing to communicate via telephone regarding collection of the debt from Ms. Lockwood, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew that Ms. Lockwood was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendants to cease directly communicating with her. By calling Ms. Lockwood to collect the debt at issue, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

### PRAYER FOR RELIEF

Plaintiff, Jodi Lockwood, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

5

**JURY DEMAND**

Plaintiff, Jodi Lockwood, demands trial by jury.

                                            Jodi Lockwood,

                                            By: /s/ David J. Philipps
                                            One of Plaintiff's Attorneys

Dated: July 27, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com